**Motion Granted and Abatement Order filed August 13, 2019**



In The

# Fourteenth Court of Appeals
_____

NO. 14-18-00800-CV
_____

**ANA LISA MINES, PERSONAL REPRESENTATIVE OF THE ESTATE OF JORGE LUIS MINES, Appellant**

**V.**

**KENON  D. MURPHY, Appellee**

**On Appeal from the 152nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-66594**

## ABATEMENT ORDER

The reporter's record in this case was due October 10, 2018. *See* Tex. R. App. P. 35.1. After granting several extensions and issuing two orders instructing court reporter **Cynthia Martinez** to  file the reporter's record, we abated this appeal on March 5, 2019 for the trial court to conduct a hearing to determine why the record had not been filed. We stated that if Martinez filed the record on or before April 4, 2019, the trial court did not need to conduct the hearing. The record was filed April 4, 2019.

Appellant filed a motion stating the record as filed was not complete and detailing appellant's efforts to secure the remainder of the record to no avail. Appellant asked us to direct Martinez to file the record. We granted that motion on June 11, 2019 and ordered Martinez to file the remainder of the record by June 26, 2019. We cautioned that if the record was not timely filed, we would order the trial court to conduct a hearing to determine the reason for failure to file the record.

On June 25, 2019, Martinez filed a motion to extend time to comply with our June 11 order. Her motion stated the portion of the record missing was the transcript of the voir dire proceeding. Due to her other professional obligations, she wrote, she requested "to please have until next week Wednesday, 8/3/19 [sic] to hear back from the attorney and prepare the transcript." On July 3, 2019, two volumes of voir dire proceedings were filed in a supplemental reporter's record.

On July 16, 2019, appellant filed another motion alleging the volumes filed on July 3 were not what they had requested. Appellant's motion again explained her efforts to obtain the remainder of the record:

> As was explained in Appellants' [sic] prior motions - and in numerous phone calls and email exchanges directly with the court reporter - what was missing from the Reporter's Record were the transcripts of four specific hearings. There was never any request for the two voir dires to be included as a part of the record. Indeed, the court reporter sent an email on June 25, 2019 stating, "it appears that what is missing is the voir dire from the trial on 4/24/16." Once again, however, it was explained to her that what was missing were the transcripts of the four specified hearings, not any portion of the voir dire. Further, another copy of the Request for Reporter's Record was emailed to the trial court reporter on June 25, 2019 [the day before this Court's deadline for her to file the missing portions of the record].

The motion has been pending for more than 10 days, and no response has been filed.

We order as follows:

1. Appellant's motion is **GRANTED** to the extent it asks us to require Martinez to file the remainder of the reporter's record.

2. The judge of the 152nd District Court shall conduct a hearing at which **Cynthia Martinez**, appellant's counsel, and appellee's counsel shall participate (a) to determine the reason for failure to file the record, (b) to establish a date certain when the reporter's record will be filed, and (c) to make findings as to whether Martinez should be held in contempt of court for failing to file the reporter's record timely as ordered.

3. The judge shall ensure a reporter's record of the hearing is prepared. The judge shall make findings of fact and conclusions of law and shall order the trial clerk to forward to this court a supplemental clerk's record containing the findings and conclusions. The hearing record and supplemental clerk's record shall be filed with the clerk of this court by **September 16, 2019**.

4. Appellant may file an amended or supplemental brief. Any such amended or supplemental brief is due **30 days** after the remainder of the reporter's record is filed.

5. Any response brief by appellee is due **30 days** after the amended or supplemental brief by appellant is filed.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the hearing record and supplemental clerk's record are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion.

PER CURIAM